1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP
   Assistant U.S. Attorney
   Arizona State Bar No. 014249
   Kevin.Rapp@usdoj.gov
4  Two Renaissance Square
   40 North Central Avenue, Suite
5  Phoenix, Arizona 85004
   Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-08-256-PHX-SMM |
| v. | **GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5K1.1, CONSIDERATION OF FACTORS PURSUANT TO §3553 AND SENTENCING RECOMMENDATION** |
| Christopher Bartlemus, | |
| Defendant. | |

The United States of America hereby moves for a downward departure pursuant to U.S.S.G. § 5K1.1 for the reasons set forth in the attached Memorandum. Defendant Bartlemus' sentencing is scheduled for April 12, 2010.

Respectfully submitted this 5th day of April, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

## MEMORANDUM

The United States of America ("the government"), by and through its undersigned attorney, respectfully moves pursuant to 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n), and U.S.S.G. § 5K1.1 to authorize this Court to depart downward from the minimum sentence dictated by the advisory Sentencing Guidelines and statute for the offense to which the above defendant has entered a guilty plea. In support of its motion, the government states as follows:

**I.      GOVERNMENT'S MOTION TO AUTHORIZE A DOWNWARD DEPARTURE**

Section 5K1.1 of the Sentencing Guidelines allows the court to depart downward in the defendant's sentence for the defendant's assistance to the government. The appropriate reduction shall be decided by the court after consideration of certain factors. Those factors include, but are not limited to the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered:

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the assistance.

The United States moves this Court for a downward departure pursuant to U.S.S.G. § 5K1.1 based upon defendant Bartlemus' substantial assistance to the government in its investigation of a mortgage fraud scheme.

## II. ANALYSIS

### A. Significance and Usefulness of Defendant's Assistance

Defendant Bartlemus' cooperation was sufficient enough to warrant the filing of this motion and a request for a substantial downward departure. Bartlemus provided a statement prior to his arrest and admitted his involvement in the "cash back" scheme with Bernadel and others. Specifically, he admitted that in his capacity as an escrow officer he intentionally failed to alert the lenders to the "cash back" that was disbursed at closing. He also was aware that individuals were buying multiple properties representing them as owner occupied. He, therefore, knew or could reasonably foresee that the transactions involved unqualified straw buyers and deliberately avoided learning the truth. Shortly after his arrest on the instant case, Bartlemus made the decision to cooperate.[1] He met with the undersigned attorney and investigating agents and detailed his involvement with co-defendant Mario Bernadel and others involved the cash back schemes. In furtherance of his cooperation he testified at length during trial. His testimony included the duties of an escrow officer, his role in facilitating the cash back transactions and his interaction with Bernadel.

In addition to the information and testimony Bartlemus provided about Mario Bernadel, April Lucero and Amanda Adorno, he also provided investigating agents information about Eitan Maximov and was expected to testify at Maximov's trial. His information further led, in part, to the indictment of Dustin Thompson and Sean McLaughlin for mortgage fraud, in CR-09-386-PHX-ROS.[2] On balance, his cooperation was highly significant and useful. Accordingly, his cooperation warrants a substantial departure.

### B. Truthfulness, Completeness and Reliability of Information and Testimony

Based on the government's investigation to date, Bartlemus' information has been truthful, complete, and reliable. The defendant's information has been corroborated by documentary

---

[1] Bartlemus was also indicted in CR-08-00368-PHX-DGC with Eitan Maximov and three others. Bartlemus pleaded guilty to Conspiracy to Commit Bank Fraud. His sentencing is scheduled for April 12, 2010.

[2] McLaughlin testified at Bernadel's trial.

evidence and other cooperators' information. The government submits that the defendant's information and testimony were truthful.

### C. Nature and Extent of Defendant's Assistance

As noted above, the nature and extent of Bartlemus' assistance was helpful to resolving the case against defendants Mario Bernadel, April Lucero, Dustin Thompson and others. Bartlemus cooperated with agents prior to arrest by providing a statement. Although he was not entirely candid about the depth of his involvement in the cash back scheme when first questioned, he did make admissions to some of his criminal activities. Following his indictment and arrest he continued to provide assistance to investigating agents. Again, his information led, in part, to the indictment of Thompson and McLaughlin. Lastly, defendant testified extensively at Bernadel's trial. Bartlemus' efforts warrant a substantial downward departure because his cooperation was extensive, thorough, and reliable.

### D. Danger of Risk of Injury

The government is not aware of any threats that Bartlemus faced due to his cooperation. Defendant is exposed to a prison sentence, however, and as such would face potential threats while incarcerated. Accordingly, the government views the risk of injury to Bartlemus as slight.

### E. Timeliness of Assistance

Defendant cooperated with agents prior to indictment by giving a statement and he has continued to assist the government since his arrest. Therefore, the government submits that the timeliness of his assistance was instrumental in the indictment and prosecution of Bernadel, Lucero, Maximov, Thompson and others.

## III. ANALYSIS OF FACTORS PURSUANT TO TITLE 18, U.S.C. § 3553.

### A. Nature and Circumstances of the Offense

Defendant pleaded guilty to engaging in a scheme and artifice to defraud lending institutions by manipulating the HUD-1s (settlement statement) to facilitate "cash back" to a third party. His criminal activity centered on failing to advise lenders of facts that were material to their decision to fund a loan. He did this in two ways: first, he omitted the cash back to a

4

third party uninvolved in the transaction from the *pre-audit* HUD-1 and in some cases the HUD-1; and second, he was aware that many of the borrowers, referred by Bernadel and brought in for closings, were unqualified straw buyers. Again, he failed to alert the lenders to the use of straw buyers. Whenever an escrow officer observes fraud in the transaction–as Bartlemus did here– they have a statutory duty to alert the lenders to the fraud.[3] Not only did Bartlemus violate his fiduciary duty but he actively enabled the scheme to defraud.

By his own admission Bartlemus failed to refuse to proceed with the closings or alert someone in his supervisory chain about the cash back because he knew that would likely cause the lenders to refuse to fund the loans. As a result the lenders funded loans that were inflated due to the "cash back" and were being sold to a buyer that was not financially qualified to make the mortgage payments.

In the instant case, Bartlemus did facilitate the cash back transactions for co-conspirators, Bernadel, Lucero and Adorno. He was also the escrow officer for numerous others engaged in mortgage fraud, including Maximov and Thompson. Additionally other cases investigated by the mortgage fraud task force have found Bartlemus as the escrow officer on cash back loans where it appears that straw buyers were used.

The nature and circumstances of the case are serious given the losses to lending institutions caused by Bartlemus. In the final analysis, the scheme could not have been successful without the complicity and assistance of Bartlemus. And, Bartlemus could have refused to close the transactions where there was cash back and apparent straw buyers.

### B. History and Characteristics of the Defendant

Defendant has had several contacts with law enforcement and the criminal justice system as a juvenile. Moreover, as a juvenile, he has had some significant use of controlled substances. ( *See* PSR ¶s 48-52) Until his recent involvement in mortgage fraud, however, he has been law-abiding as an adult. He also has managed to maintain stable employment for most of his adult

---

[3] Every escrow agent and every officer, director and employee of an escrow agent who has actual knowledge of fraud or dishonesty in the application of escrow monies, owes a fiduciary duty as trustee to the owner of the monies held in escrow. Title 6, A.R.S. § 841.01.

5

life; leaving one job for another in hopes of making more money. With very little training he was elevated to the position of an escrow officer from a receptionist. He was an escrow officer until May 2007 when he was terminated.

In terms of family support, he is married to a fellow employee at Security Title, is taking responsibility for her child from a previous marriage and his parents appear to be supportive. In the government's assessment his involvement in the current offense was precipitated by his need to please others and increase his commissions for financial gain. His lack of criminal history, family support and stable employment weighs in his favor.

**C. Need for Sentence to Address Additional Title 18, U.S.C. § 3553 Factors.**

The sentence advised by the guidelines, without considering any further departures, is reasonable upon consideration of the nature and circumstances of the offense and Defendant's history and characteristics as discussed above, plus the additional 18 U.S.C. § 3553 factors, as set forth below:

(1) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment;

(2) to afford adequate deterrence to criminal conduct;

(3) to protect the public from further crimes of the defendant; and

(4) to provide the defendant with educational or vocational training, medical care or other correctional treatment.

The applicable guideline reflect the seriousness of the offense, promote respect for the law and, but for a departure for his cooperation, provides a just punishment. Given the financial crisis that the United States has experienced as a result of the rampant foreclosures in Arizona and nationwide that, in large part, was precipitated by fraud, the sentence proposed by the guidelines would be an adequate deterrent to other real estate professionals engaged in the same criminal activities. As a result of his involvement in the conspiracy the defendant now has two separate felony convictions and will be on supervised release for as long as five years that will be sufficient to protect the public. It appears that the defendant is not in need of any particular educational or vocational training or medical care or correctional treatment.

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

Before the court is 31-year old male who has resided in Arizona most of his life, as an adult he has had no contact with law enforcement or the criminal justice system with the exception of the instant offenses. However, his involvement was crucial to enabling others to commit mortgage fraud that resulted in substantial losses to lenders.

Bartlemus became involved in cash back mortgage schemes in 2005 and continued to allow investors to obtain cash back at closing by not fully disclosing the circumstances surrounding the transaction to the lenders. He further enabled the investors to use unqualified straw buyers as borrowers. It is mitigating that Bartlemus had no involvement in the recruitment of straw buyers and he did not profit to the same degree as the principals.

He was, in the final analysis, the enabler of the cash back transactions and they could not have come to fruition without his complicity. As many of those engaged in mortgage fraud sought him out to handle their closings, his volume increased and so did his compensation. Nevertheless, the defendant cooperated substantially and his testimony led to the conviction at trial of Bernadel and the guilty pleas of numerous others. The United States provides the following recommendation:

| | | |
|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2B1.1(b)(1)(H) |
| Adjustment for Role in the offense : | + 2 | U.S.S.G. §3B1.3 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a) |
| Substantial Assistance: | -11 | U.S.S.G. § 5K1.1 |
| Total Offense Level: | 12 | |

The applicable guideline range, based on the above calculation, in a criminal history category I, is 8-14 months. The United States recommends a split sentence of 4 months in prison, 4 months of home confinement followed by 5 years supervised release.

Lastly, as a term of his supervised release he should be ordered to continue to cooperate with the government. For these reasons, the government submits this motion to authorize the

Court to depart below the applicable advisory guideline and statutory-mandated prison sentence, and provides the Court with a sentencing recommendation.

Respectfully submitted this 5th day of April, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Due to this documentation being filed under seal, I hereby certify that on April 5, 2010 I electronically transmitted the attached document to the clerk's office using the CM/ECF System for filing sealed documents, sent the attached document (via U.S. Postal Service) to the following CM/ECF registrants: Frederick R. Petti, Esq.

By: Michelle L. Colberg